IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ANDREW DYHRMANN,

              Plaintiff,

    v.

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

              Defendant.

No. 1:14-cv-00063-HZ

OPINION & ORDER

Andrew Dyhrmann
P.O. Box 565
Medford, OR 97501

    Pro Se Plaintiff

Adrian L. Brown
U.S. Attorney's Office
District of Oregon
1000 SW Third Ave., Suite 600
Portland, OR  97201-2902

/ / /
/ / /

1 - OPINION & ORDER

Heather L. Griffith
Office of the General Counsel
Social Security Administration
701 Fifth Ave., Suite 2900 M/S 221A
Seattle, WA  98104-7075

    Attorneys for Defendant

HERNÁNDEZ, District Judge:

    Plaintiff Andrew Dyhrmann brings this action under 42 U.S.C. § 405(g), seeking judicial review of the Administrative Law Judge's ("ALJ") order dismissing Plaintiff's application for disability benefits.  Defendant moves to dismiss Plaintiff's complaint because this action was not filed within 60 days of the Appeals Council's notice of denial.  I grant the motion to dismiss [9].

## BACKGROUND

    Plaintiff's applications for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB") were denied by an ALJ on February 10, 2012.  Weigel Decl. ¶ 3a; Ex. 1 at 1.  Plaintiff requested reconsideration, but the Appeals Council denied the request for review, making the ALJ's decision the final decision of the Commissioner.  Id. at Ex. 2 at 1.  The letter notifying Plaintiff of the denial was dated September 27, 2013.  Id.  The letter was sent to both Plaintiff and his counsel of record.  Id. at 3.  The letter explained how Plaintiff could appeal the Appeal Council's denial.  Plaintiff was advised that he had 60 days to file a civil action to ask for court review, and that he could ask for an extension of time if he could not file a civil action within 60 days.  Id. at 2.

## DISCUSSION

    Congress provided limited circumstances under which an individual may bring suit against the SSA.

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party,…may obtain a review of such

2 - OPINION & ORDER

Case 1:14-cv-00063-HZ   Document 11   Filed 05/20/14   Page 3 of 3

decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g). Thus, the Social Security Act limits judicial review of the Commissioner's decisions to any final decision made after a hearing. Id. This provision is the sole jurisdictional basis for judicial review of any claim arising under the Social Security Act. 42 U.S.C. § 405(h).

The 60-day deadline to file a civil action was December 1, 2013.[1] Plaintiff filed this civil action on January 13, 2014—over a month past the 60-day deadline. Compl. [2]. Plaintiff did not request an extension of time to file the civil action. Plaintiff also did not file a response to the motion to dismiss to explain the delay in filing this action. I find that Plaintiff's complaint was untimely, and thus this court lacks subject matter jurisdiction.

## CONCLUSION

Based on the foregoing, Defendant's motion to dismiss [9] is granted and Plaintiff's complaint is dismissed.

IT IS SO ORDERED.

Dated this 20 day of May, 2014.

/s/ Marco Hernandez
MARCO A. HERNANDEZ
United States District Judge

---

[1] The Social Security Administration assumes that a claimant receives a letter within five days of the date of the letter, unless a claimant shows otherwise. 20 C.F.R. §§ 404.901, 416.1401.

3 - OPINION & ORDER